Fahey, J.
(dissenting). I respectfully dissent and would reverse the order denying defendant’s CPL 440.10 motion, grant that motion, vacate the judgment and grant a new trial. In my view, the usurpation by the Sheriff of County Court’s authority, which here is embodied in the Sheriffs unilateral decision to require defendant to wear a stun belt during trial without the knowledge of the court, is a mode of proceedings error, and the court thus should have granted defendant’s motion.
I generally share the majority’s view of the facts. However, I note my view that the hearing on the motion establishes that defense counsel learned during the rebuttal testimony of the People’s expert witness that defendant was wearing a stun belt, and further leaves open the possibility that defendant wore the stun belt during parts of the trial conducted prior to the rebuttal testimony of that witness.
In any event, I further agree with the majority’s treatment of defendant’s motion as one made pursuant to CPL 440.10 (1) (f), and will apply that analysis herein. I also agree with the majority that CPL 440.10 (1) (f) permits reversal here only to the extent that the unauthorized use of the stun belt at trial was a mode of proceedings error. To my mind, the unilateral application of that device by the Sheriff without the knowledge of the court, i.e., the Sheriffs unauthorized assumption of the power of the court in determining whether a stun belt is necessary (cf. People v Buchanan, 13 NY3d 1, 4 [2009]), is such an error.
In People v Patterson (39 NY2d 288, 295 [1976], affd 432 US 197 [1977]), the Court of Appeals stated that “[a] defendant in a criminal case cannot waive, or even consent to, error that would affect the organization of the court or the mode of proceedings prescribed by law.” The Court further noted that “the purpose of this narrow, historical exception is to ensure that criminal trials are conducted in accordance with the mode of procedure mandated by Constitution and statute. Where the procedure adopted by the court below is at a basic variance with the mandate of law, the entire trial is irreparably tainted” (id. at 295-296).
The Court of Appeals in People v Hanley (20 NY3d 601, 604-605 [2013]) recently added that such “exception encompasses only ‘the most fundamental flaws’ . . . that implicate ‘jurisdictional matters ... or rights of a constitutional dimension that *1227 go to the very heart of the process’ ” (id. at 604-605). Hanley also afforded the Court the opportunity to note that examples of mode of proceedings errors include: “jurisdictional issues (see e.g. People v Correa, 15 NY3d 213, 222 [2010]; People v Pierce, 14 NY3d 564, 570 n 2 [2010]; People v Kalin, 12 NY3d 225, 229 [2009]; People v Carvajal, 6 NY3d 305, 312 [2005]); double jeopardy (see People v Williams, 14 NY3d 198, 220-221 [2010], cert denied 562 US —, 131 S Ct 125 [2010]); constitutional speedy trial (see People v Blakley, 34 NY2d 311, 315 [1974]); shifting the People’s burden of proof to the defense (see People v Patterson, 39 NY2d at 296); delegation of a judicial function (see People v Ahmed, 66 NY2d 307, 310-311 [1985], [rearg denied 67 NY2d 647 (1986 [1986])]); prohibiting the defense from meaningful participation in the criminal proceeding (see People v O’Rama, 78 NY2d 270, 279 [1991]); and the imposition of an illegal sentence (see People v Samms, 95 NY2d 52, 56 [2000])” (id. at 607 n 2).
In my view, the usurpation of the court’s power to determine whether to require defendant to wear a stun belt is no different from the delegation of court powers found to have constituted mode of proceedings errors (see Ahmed, 66 NY2d at 309-310; People v Weber [appeal No. 2], 64 AD3d 1185, 1186 [2009]; People v Rogoski, 194 AD2d 754, 755 [1993], lv denied 82 NY2d 759 [1993]; cf. People v Mays, 20 NY3d 969, 971 [2012]). Indeed, although defense counsel learned of the application of the stun belt during the rebuttal testimony of the People’s expert witness and thus could have brought the issue to the court’s attention, this is not a case in which the court had the last word and exercised full and proper control over the application of that device to defendant (see People v Khalek, 91 NY2d 838, 839-840 [1997]; cf. People v Kelly, 5 NY3d 116, 120-121 [2005]). The error here lies not in the fact that defendant had to wear a stun belt, but in the fact that the Sheriff usurped the power of the court to make a determination regarding the use of the stun belt to restrain defendant. We cannot allow court personnel or law enforcement officers to exercise powers reserved to the court, and I therefore conclude that the court erred in denying defendant’s GPL 440.10 motion. Present — Scudder, PJ., Fahey, Lindley, Sconiers and Martoche, JJ.